O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAURANCE B. AIUPPY, | ) | Case No. CV 13-07198 DDP (PJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **APPLICATION FOR ATTORNEYS' FEES** |
| v. | ) | |
| | ) | [Dkt. No. 19] |
| SET GLOBAL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff's Application for Attorneys' Fees pursuant to 17 U.S.C. § 505 and the Court's August 26, 2015 Order granting Default Judgment for Plaintiff. After reviewing the materials submitted by Plaintiff, the Court grants in part the Application for Attorneys' Fees.

**I. BACKGROUND**

Plaintiff Laurance B. Aiuppy filed a complaint against Defendant Set Global Inc. in September 2013, alleging that Defendant's website infringed on Plaintiff's copyrighted photography. (Compl. ¶ 1-2.) On July 1, 2015, this Court gave Plaintiff an Order to Show Cause for lack of prosecution, asking for proof of service of summons and complaint. (Dkt. No. 7.) On

July 7, 2015, Plaintiff responded with proof of service that Defendant was served on November 25, 2013. (Dkt. No. 8.) Defendant never filed any responsive papers. Default judgment was entered against Defendant on August 26, 2015. (Dkt. No. 17.) The Court awarded Plaintiff statutory damages of $1,000 under 17 U.S.C. § 504(c) and costs of $570. (Id.) The Court ordered a fee application to be submitted by Plaintiff to determine the amount of Plaintiff's attorneys' fees in accordance with 17 U.S.C. § 505. (Id.) Plaintiffs have filed an Application for Attorneys' Fees, asking for $12,680. (Dkt. No. 19.)

**II. DISCUSSION**

Section 505 of the Copyright Act of 1976 provides that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs" in an action for copyright infringement. 17 U.S.C. § 505. The awarding of costs and attorney's fees under section 505 is left to the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 523 (citing H.R. Rep. No. 94–1476, p. 163 (1976)). The use of the word "may" in section 505 "clearly connotes discretion," and "[t]he automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." Id. at 533.

When determining whether to award attorney's fees, the court may consider factors such as (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1229 (9th

Cir. 1997) (citing Fogerty, 510 U.S. at 534 n.19). Courts must remain "faithful to the purposes of the Copyright Act" when applying these factors. Fogerty, 510 U.S. at 534 n.19.

"To determine a reasonable attorney fee award, courts employ the lodestar method." Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on denial of reh'g, 108 F.3d 981 (9th Cir. 1997). "There is a strong presumption that the lodestar figure constitutes reasonable fees, and only in exceptional cases will adjustment of the lodestar be appropriate." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 564–65 (1986).

Courts in this District also apply Local Rule 55-3 for determining the amount of attorneys' fees in a default judgment. See C.D. Cal. R. 55-3. For judgments equaling $0.01 to $1,000, there is a minimum award of $250, with an upward adjustment to 30% of the award. Id.

There are no facts here to weigh against the granting of attorneys' fees under Fogerty, and, in fact, granting some amount of fees would be consistent with the purposes of the Copyright Act. Under Local Rule 55-3, Plaintiff would receive 30% of the $1,000 default judgment award, or $300. Plaintiff has filed an application for attorneys' fees in the amount of $12,680, which requires the Court to determine if the departure from the Local Rules is reasonable under the lodestar method.

However, to calculate the lodestar amount of fees, this Court must determine what is the reasonably hourly rate. Plaintiff has submitted a declaration by the case's lead attorney stating that fees ranging from $400/hour to $700/hour were charged for work done on the matter. (Decl. Craig B. Sanders ¶ 29.) Counsel also declares that the firm "charges rates which are proper, reasonable and consistent with the rates of other firms in New York that perform this type of work" and the rates are "appropriate and in conformance with the prevailing rates for attorneys performing similar work in this District." (Id. ¶¶ 26, 30.) Plaintiff is correct that the "relevant community for purposes of determining the prevailing market rate" is the District where the forum court is located. See Livingston v. Art.com, Inc., No. 13-cv-03748-JSC, 2015 WL 4319851, at *11 (N.D. Cal. Apr. 17, 2015).

In this District, courts generally award the amount warranted under Rule 55-3 for default judgments when considering attorneys' fee awards under 17 U.S.C. § 505. See, e.g., BWP Media USA, Inc. v. P3R, LLC, No. 2:13-CV-05315SVW, 2014 WL 3191160, at *5 (C.D. Cal. July 3, 2014)(denying plaintiff's request for $6,532.50 in attorneys fees for a default judgment because it was not "an unusual case that warrants deviation from the attorneys' fees schedule set forth in the Local Rules"); Bravado Int'l. Grp. Merch. Servs., Inc. v. Cha, No. CV 09-9066 PSG (Cwx), 2011 WL 651851, at *5 (C.D. Cal. Feb. 11, 2011); Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1075 (C.D. Cal. 2004).

Plaintiff here has provided sufficient evidence for why the Court should award attorneys' fees higher than would be allotted under Rule 55-3 by pointing to the purposes of the Copyright Act to

encourage copyright owners to enforce their copyrights even in light of small damages awards.  (Decl. Craig B. Sanders ¶ 14-15.) Thus, the Court finds that a grant of Plaintiff's full attorneys' fees is warranted here.

**III. CONLCUSION**

For the reasons stated above, the Court GRANTS Plaintiff's Application for Attorney's Fees in the amount of $12,680.00.

IT IS SO ORDERED.

Dated: October 5, 2015

DEAN D. PREGERSON
United States District Judge